**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| PLANNED PARENTHOOD SOUTHEAST, INC., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>ROBERT BENTLEY, in his official capacity as Governor the State of Alabama; LUTHER STRANGE, in his official capacity as Attorney General of the State of Alabama, et al.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>2:13-cv-405-MHT-TFM |

**REPORT OF PARTIES' PLANNING MEETING**

The parties jointly file this report of their Rule 26(f) planning meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure and by order of the Court. *See* doc. 59.

1. **Participants**. The following persons participated in a Rule 26(f) conference on July 16, 2013 by telephone:

- For all plaintiffs: M. Wayne Sabel.
- For Plaintiffs Reproductive Health Services and June Ayers: Randall C. Marshall, Alexa Kolbi-Molinas, and Andrew Beck.
- For Plaintiff Planned Parenthood Southeast, Inc.: Carrie Y. Flaxman
- For Defendants Strange, Brooks, Falls, and Rich: John C. Neiman, Jr., Andrew L. Brasher, William G. Parker, Jr., and Laura E. Howell.
- For Defendant Williamson: Patricia E. Ivie and P. Brian Hale.

2. **Initial Disclosures.** The parties will complete by August 9, 2013 the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan**. In the interest of expediting the discovery process, and facilitating the resolution of this case without need for an evidentiary hearing, the parties propose to conduct discovery and submit dispositive motions on all claims and defenses, with the exception of Plaintiffs' claim that the staff privileges requirement "has the unlawful purpose . . . of imposing an undue burden on women's right to choose abortion"[1] and related defenses, pursuant to the schedule below. However, if after reviewing the dispositive motions, the Court determines that an evidentiary hearing is necessary, the parties propose to allow additional discovery only as to the purpose claim and related defenses, if necessary, during the first 45 days of the pretrial period.

a. **Subjects for Discovery.** Discovery will be needed on these subjects: all claims and defenses.

b. **Electronic Production of Documents and Electronically Stored Information.** Production of documents and electronically stored information should be handled as follows:

   i. If a document is stored in electronic form as Word, WordPerfect, Excel, or PDF, the producing party shall produce the document in its native format or searchable PDF, at the election of the producing party, unless the requesting party demonstrates particularized need for the information in native format by, for example, demonstrating that the information can be read only in native format, such as formulas contained in Excel spreadsheets. If the requesting party demonstrates particularized need, and the producing party does not otherwise object to the request, the producing party will produce the information in native format. The parties will take the matter

[1] *See* Complaint, Count II (Doc. 1) (hereinafter "purpose claim")

up with the Court if they cannot agree whether particularized need has been demonstrated.

ii. If a document is kept only on paper, the producing party shall produce a searchable PDF document.

iii. If a document or information is stored in a database that is not Excel, electronic form other than Word, WordPerfect, Excel, or PDF, the producing party shall contact opposing counsel before production to arrange the appropriate form of production.

c. **Electronic Service.** The parties agree to the following procedures for service of discovery and disclosure documents:

i. All discovery responses requiring a signature will be served by email as a PDF document (with or without signature) as well as by a copy bearing the original signature of the party or party representative served by mail;

ii. Any discovery papers not requiring a signature may be served by email as a PDF document.

d. **"Clawback" Agreement.** The parties have agreed, as follows, to an order regarding post-production claims of privilege or of protection as trial-preparation material:

i. A disclosure of communications, documents, things, and electronically stored information covered by the attorney-client privilege, work product protection or governmental privileges does not operate as a waiver in this proceeding if:

1. The disclosure is inadvertent and is made in connection with this litigation; and

2. The holder of the privilege or protection took reasonable precautions to prevent disclosure and took reasonably prompt measures, once the holder knew or should have known of the disclosure, to rectify the error.

ii. If information produced in discovery is subject to a claim of privilege or protection, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party that received the information must make prompt and reasonable efforts to return,

sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take prompt and reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

e. **Documents Created by, and Exchanged Solely Between and Among, Counsel for the Respective Parties.** For purposes of this litigation, the parties need not preserve, produce, or create a privilege log for any document that were created by, and exchanged solely among either side's attorneys or the attorneys' staff.

f. **Costs of Production.** Each party shall bear the costs of producing its own documents, things and electronically stored information.

g. **Discovery Cut-off.** Discovery may begin immediately. All discovery with respect to call claims and defenses, with the exception of the purpose claim and related defenses, should be commenced in time to be completed by November 26, 2013. Any discovery with respect to the purpose claim and related defenses will take place, if at all, during the first 45 days of the pre-trial period, as set forth below.

h. **Interrogatories.** Maximum of 25 interrogatories, including discrete subparts, by each party to any other party. Responses due 30 days after service. Parties will be permitted additional interrogatories if they later take discovery on the purpose claim.

i. **Requests for Admission.** Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service. Parties will be permitted additional requests for admission if they later take discovery on the purpose claim.

j. **Requests for Production.** Maximum of 25 requests for production by each party to any other party. Responses due 30 days after service. Parties will be permitted additional requests for production if they later take discovery on the purpose claim.

k. **Depositions.** Maximum of 7 non-expert, non-party depositions per side. Parties will be permitted additional depositions if they later take discovery on the purpose claim. Each deposition is limited to maximum of 1 day of 7 hours.

l. **Expert Reports.** Plaintiffs will make all reasonable good faith efforts to disclose reports from retained experts under Rule 26(a)(2) by August 9, 2013. However, Plaintiffs reserve the right to submit reports until August 19, 2013. Defendants will disclose their expert reports by September 9, 2013. Plaintiffs will disclose Rule 26(a)(2)(D)(ii) reports from retained rebuttal experts no later than September 30, 2013.

m. **Discovery Supplementation.** Supplementation of discovery responses shall be made in a "timely manner" as required by Rule 26(e)(1)(A)

4. **Other Items**:

a. **Scheduling Conference.** As ordered, the parties will participate in a Rule 26(f) conference with the Court on July 19, 2013 at 10:00 a.m. *See* Doc. 66.

b. **Pretrial Conference.** The parties request a pretrial conference 45 days after the Court issues a decision with respect to parties' dispositive motions.

c. **Amendment of Pleadings**. Plaintiffs should be allowed until July 26, 2013 to amend their complaint. The defendants should be allowed until August 9, 2013 to file a responsive pleading.

d. **Dispositive Motions.** All potentially dispositive motions shall be filed by December 16, 2013; responses to these motions shall be due by January 16, 2014; and replies shall be due by January 31, 2014.

e. **Settlement.** Settlement is unlikely. The parties know of no alternative dispute resolution procedure that may enhance settlement prospects.

f. **Pretrial Disclosures.** Final witness lists, deposition designations, and exhibit lists under Rule 26(a)(3) should be due 50 days after the Court issues a decision with respect to parties' dispositive motions. Objections to these lists and designations should be due 7 days thereafter; and responses to objections should be due 14 days thereafter.

g. **Trial Date & Length.** This non-jury action should be ready for trial 90 days after the Court issues a decision with respect to parties' dispositive motion(s). At this time, trial is expected to take approximately five days.

h. **Limitation on Expert Witnesses.** The parties will designate no more than 7 expert witnesses per side.

i. **Third Party Discovery.** The parties agree to work together in good faith to obtain, share, and stipulate to the admissibility of the hospital bylaws and applications for privileges without need for unnecessary third party discovery. The parties understand that if they are unable to obtain the necessary documents and/or reach an agreement as to their admissibility, additional discovery and time for such discovery may be required.

j. **TRO Extension.** The preceding trial preparation proposal is based on the parties' agreement that the plaintiffs' motion for a preliminary injunction be consolidated with their request for a permanent injunction, *see* Fed. R. Civ. P. 65(a)(2), and that final resolution of their request for a permanent injunction be expedited. In order to effectuate this agreement, it is necessary to extend the Court's temporary restraining order (doc. 49) and maintain the status quo pending a final resolution of the case; the defendants therefore consent to an extension of the TRO through March 24, 2014 at 3 p.m. Plaintiffs reserve the right to move to extend the TRO, if necessary.

All parties consent to the filing of this document.

Respectfully submitted on this 18th day of July, 2013.

Respectfully submitted,

s/ Alexa Kolbi-Molinas

Alexa Kolbi-Molinas
Andrew Beck
American Civil Liberties Foundation
125 Broad Street
New York, NY 10004

Randall C. Marshall
ACLU Foundation of Alabama, Inc.
207 Montgomery Street – Ste. 910
Montgomery, AL 36104-3535

Carrie Y. Flaxman
Planned Parenthood Federation of America
1110 Vermont Avenue, NW – Ste 300
Washington, DC 20005

M. Wayne Sabel, Sr.
Sabel & Sabel, P.C.
2800 Zelda Road, Ste. 100-5

Roger Kraus Evans
Planned Parenthood Federation of America
434 W. 33rd Street
New York, NY 10001

***Attorneys for Plaintiffs***

s/ William G. Parker, Jr.

John C. Neiman, Jr.
*Ala. Solicitor General*
Andrew L. Brasher
*Dep. Ala. Solicitor General*
William G. Parker, Jr.
*Asst. Ala. Attorney General*
Laura E. Howell
*Asst. Ala. Attorney General*
***Counsel for Defendants Strange, Brooks, Falls, and Rich***

OFFICE OF THE ALABAMA ATTORNEY GENERAL
501 Washington Avenue
Montgomery, AL 36130
(334) 242-7300
jneiman@ago.state.al.us

s/ Patricia E. Ivie

Patricia E. Ivie
*General Counsel*
P. Brian Hale
*Deputy General Counsel*
***Counsel for Defendant Williamson***

ALABAMA DEPARTMENT OF PUBLIC HEALTH
P.O. Box 30317
Montgomery, AL 36130
(334) 206-5209
pat.ivie@adph.state.al.us
brian.hale@adph.state.al.us

## CERTIFICATE OF SERVICE

I certify that on July 18, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record as follows:

Alexa Kolbi-Molinas
Akolbi-molinas@aclu.org

Andrew David Beck
abeck@aclu.org

Carrie Y. Flaxman
Carrie.flaxman@ppfa.org

Jennifer Dalven
jdalven@aclu.org

M. Wayne Sable, Sr.
mwsabl@mindspring.com

Roger Kraus Evans
Roger.evans@ppfa.org

Randal C. Marshasll
rmarshall@aclualabama.org

Patricia Elaine Ivie
Pat.ivie@adph.state.al.us

Phillip Brian Hale
Brian.hale@adph.state.al.us

s/ William G. Parker, Jr.
**Of counsel**