IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD SOUTHEAST, INC.**, on behalf of its patients, physicians, and staff, et al.,<br><br>      Plaintiffs,<br><br>   v.<br><br>**LUTHER STRANGE**, in his official capacity as Attorney General of the State of Alabama, et al.,<br><br>      Defendants. | CIVIL ACTION NO.<br>2:13cv405-MHT<br>(WO) |

### ORDER

It is ORDERED as follows:

(1) Plaintiffs' motion for attorneys' fees and costs (doc. no. 277) is set for final submission, without oral argument, on August 12, 2016.

(2) Plaintiffs are to file a brief and evidentiary materials by July 15, 2016. In their brief, plaintiffs should address the factors articulated in Am. Civil Liberties Union of Ga. v.

Barnes, 168 F.3d 423 (11th Cir. 1999). See also Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010); Bivins v. Wrap It Up, Inc., 548 F.3d 1348 (11th Cir. 2008) (per curiam); Dillard v. City of Greensboro, 213 F.3d 1347 (11th Cir. 2000); Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988); Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)[*]; Hearn v. Gen. Elec. Co., 1996 WL 937034 (M.D. Ala. Sept. 12, 1996) (Thompson, J.); Gay Lesbian Bisexual All. v. Sessions, 930 F. Supp. 1492 (M.D. Ala. 1996) (Thompson, J.).

(3) Defendants are to file their response and any evidentiary materials by August 5, 2016. In their brief, defendants should address, among other things, what they believe to be reasonable hourly fees; the particular items or categories of time to which they object and why; the particular items or categories of

---

[*] In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

expenses to which they object and why; and any modification of the total fees and expenses they wish to raise based on other defenses.

 (4) Plaintiffs may file a reply brief by August 12, 2016.

 (5) The discussion of the evidence in the briefs must be accompanied by a specific reference, by <u>page and line</u>, to where the evidence can be found in the supporting and attached documents, affidavits, depositions, etc.  The parties are reminded of the following cautionary instructions from the Eleventh Circuit:

  (A) The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." <u>Norman</u>, 836 F.2d at 1303.

  (B) This burden includes (i) supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate, (ii) maintaining records to

show the time spent on the different claims, and (iii) setting out with sufficient particularity the general subject matter of the time expenditures so that the district court can assess the time claimed for each and every activity. Barnes, 168 F.3d at 427.

(C) "A well-prepared fee petition also would include a summary," that is, a "grouping [of] the time entries by the nature of the activity or stage of the case." Id. (emphasis added) (citation omitted).

(D) A fee applicant should also exercise "billing judgment," id. (citation omitted), that is, the applicant should "exclude from [his] fee applications excessive, redundant, or otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel," id. (emphasis omitted) (citation and

4

   internal quotation marks omitted).

(E) "Those opposing fee applications have obligations, too. In order for [this] court[] to carry out [its] duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'"  Id. (quoting Norman, 836 F.2d at 1301).

(F) "It should ... be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate."  Norman, 836 F.2d at 1299.  Or, to put it another way: "Generalized statements that the time spent was reasonable or unreasonable ... are not particularly helpful

and not entitled to much weight." Id. at 1301.

DONE, this the 12th day of April, 2016.

                                 /s/ Myron H. Thompson  
                              UNITED STATES DISTRICT JUDGE